**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 17 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CLARENCE DAVID SCHREANE,

Petitioner-Appellant,

v.

STEVEN LAKE,

Respondent-Appellee.

No.    19-15553

D.C. No. 1:17-cv-01217-AWI-EPG

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, District Judge, Presiding

Submitted December 11, 2019[**]

Before:    WALLACE, CANBY, and TASHIMA, Circuit Judges.

Federal prisoner Clarence David Schreane appeals pro se from the district court's denial of his 28 U.S.C. § 2241 habeas corpus petition. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Schreane challenges a prison disciplinary proceeding in which he was

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

sanctioned with the disallowance of good conduct time after he was found to have committed the prohibited act of disruptive conduct most like making sexual proposals or threats to another. He contends that he did not receive procedural due process, that there was insufficient evidence to support the disciplinary hearing officer's finding, and that the sanction violates his rights under the First Amendment. Reviewing de novo, *see Lane v. Swain*, 910 F.3d 1293, 1295 (9th Cir. 2018), *cert. denied*, 140 S. Ct. 60 (2019), we conclude that these claims fail. The record reflects that the disciplinary proceedings complied with the procedural due process requirements delineated in *Wolff v. McDonnell*, 418 U.S. 539, 563-72 (1974), and that "some evidence" supported the hearing officer's findings, *see Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985). We reject Schreane's argument that the sanction violates his rights under the First Amendment. *See Shaw v. Murphy*, 532 U.S. 223, 229-30 (2001) (setting forth factors for reviewing prisoners' First Amendment claims); *see also Mauro v. Arpaio*, 188 F.3d 1054, 1059-60 (9th Cir. 1999) (reducing sexual harassment of prison employees is a legitimate government interest).

**AFFIRMED.**

19-15553